UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X          for Online Publication Only
WILLIAM MCKEITHAN,

                            Petitioner,

         -against-                                                                **ORDER**
                                        16-cv-04866 (JMA)
                                        13-cr-00318 (JMA)(ARL)

UNITED STATES OF AMERICA,

                            Respondent.
------------------------------------------------------------------------X
**APPEARANCES:**

William McKeithan
Allenwood Federal Prison Camp
P.O. Box 1000
White Deer, PA 17887
        *Pro Se*


Allen Lee Bode
Carrie Nicole Capwell
Assistant United States Attorneys
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
        *Attorneys for Respondent*

**AZRACK, United States District Judge:**

        Petitioner William McKeithan ("Petitioner" or "McKeithan") brings this petition under 28

U.S.C. § 2255, seeking relief from his conviction of conspiracy to distribute heroin, sentence of

ninety-five (95) months imprisonment, and five (5) years of supervised release imposed on him on

April 22, 2015.  (See Motion to Vacate, ECF No. 70.  (the "Petition")).  Petitioner contends that

he received ineffective assistance of counsel in relation to the entry of his guilty plea.  He also

makes two additional motions seeking the appointment of counsel pursuant to 18 U.S.

3006A(a)(2)(B) and for release on bail.  The Government responds that the Petition is untimely and that his claims fail on the merits.  For the reasons set forth below, Petition is **DENIED**.

## I.     BACKGROUND

The Court assumes familiarity with the facts, which are referenced only as necessary to explain the Court's decision.

On March 18, 2014, Petitioner entered into a plea agreement in which he agreed to plead guilty to one count of a four-count indictment – Count One (Conspiracy to Distribute Heroin). (ECF No. 1 at 1.) The Plea Agreement contained an appellate waiver, among other waivers of Petitioner's rights, including: "(1) [] his right to appeal or challenge his convictions or sentence if the Court imposes a sentence of 151 months or less.  (2) [] all defenses based on the statute of limitations and venue.  (3) [] the right to any additional discovery, (4) [] consent[ing] to forfeiture of all property listed in the plea agreement (5) [] stipulat[ing] to 150 or grams or more and waiv[ing] a jury trial on that issue." (ECF No. 28 at 3.)  The Plea Agreement also listed each element of Count One charged in the indictment.  (ECF No. 28 at 3.)  Petitioner selected "YES" in response to being "aware of the elements of the crime" to which he pled guilty and selected "NO" to having additional "questions regarding the charges, rights or anything else relating to the matter." (ECF No. 28 at 3-4, 6.)  Petitioner also represented that he was "satisfied" with his legal representation and believed his counsel Randi L. Chavis, Esq. ("Chavis") "did a good job." (ECF No. 28 at 6.)  On September 17, 2014, Petitioner moved the Court to disqualify his appointed counsel, Chavis, and to proceed pro se. (ECF No. 45.)  He stated that he was "very unhappy" with Chavis, namely because Chavis did not pursue certain legal strategies and defenses concerning search warrants related to his case and that Chavis provided "misleading information" to persuade him to sign a plea agreement.  The Court granted in part and denied in part his motion.  (ECF No.

46.)  Chavis was relieved as counsel for Petitioner, and Stuart J. Grossman Esq. ("Grossman") was appointed as advisory counsel under the Criminal Justice Act (CJA).  (ECF No. 46.)

Thereafter, on April 22, 2015, the late Hon. Leonard D. Wexler sentenced Petitioner to ninety-five (95) months to be served consecutively with Petitioner's state court conviction, a supervised release for a term of five (5) years, and a special assessment of $100.00.  (ECF No. 62.) The Court adopted the presentence investigation report, but lowered, on the consent of all parties, the total offense level of 37 to a level 25 and adjusted Petitioner's criminal history category of VI to V. The sentence imposed was "below the advisory guideline range." (ECF No. 63.)  No fine or restitution was ordered.  (ECF No. 63.)

On August 31, 2016, Petitioner filed the instant Petition, pro se, arguing that he received ineffective assistance of counsel regarding advice received from his attorneys Chavis and Grossman.  Specifically, Petitioner argued that Chavis, was ineffective because she delegated the task of discussing his proposed plea offer to a paralegal from her office.  Petitioner claims that "in no uncertain terms," prior to his March 2014 change of plea hearing, he was advised by a paralegal from Chavis' office that if he did not accept the proposed plea offer, he would be convicted based on prior convictions and on the count concerning conspiracy, based on a theory of constructive possession.  (ECF No. 70.)  In short, Petitioner argues that he "incorrectly believed" based on the advice purportedly received from Chavis' paralegal that the element of the conspiracy charge concerning the drug quantity "could be satisfied by evidence that he constructively possessed more than 100 grams of heroin." (ECF No. 70.)

The Government filed an opposition arguing that Petitioner's 2255 motion was untimely, and his ineffective assistance claim was too vague and conclusory to merit a hearing.  In its

opposition, the Government enclosed the signed affirmations of Chavis and Grossman which wholly denied Petitioner's allegations.  (ECF No. 75.)

Chavis affirmation provided that she met with Petitioner "on several occasions" including on March 12, 2014 in-person to discuss his plea agreement.  Chavis also asserted that she and the Petitioner completed the Court's written allocution form together.  She did not recall any specific conversations with Petitioner concerning a theory of constructive possession and she affirmed that consistent with her office's policy, paralegals are not permitted to provide legal advice.  Grossman, Petitioner's appointed advisory counsel, likewise submitted that during his representation of Petitioner, that he did not discuss a theory of constructive possession nor advised that Petitioner would be convicted based on prior convictions.  (ECF No. 75.)

As a threshold matter, the Government also instructs that McKeithan's Petition is untimely under the limitations clause of 28 U.S.C. § 2255, because it was not filed within a year after April 23, 2015 when his judgement became final.  The Court agrees.  There are no grounds for relief under 28 U.S.C. § 2255 as the Petition is time-barred and in any event, fails to show ineffective assistance of counsel.  Therefore, the Petition is denied in its entirety.

## II.    DISCUSSION

### A.  Applicable Law

Section 2255 permits a prisoner in custody to move to vacate, set aside, or correct the sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  To merit relief under Section 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that

constitutes a fundamental defect which inherently results in a complete miscarriage of justice."

Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citation

omitted).  The petitioner must also show that the constitutional error had "substantial and injurious

effect" that caused "actual prejudice."  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal

quotation marks and citation omitted).  "Because collateral challenges are in tension with society's

strong interest in the finality of criminal convictions, the courts have established rules that make it

more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."

Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks and

citation omitted).

**B.  Timeliness of Petition**

Section 2255(f) sets a one-year limitation period for § 2255 motions.  See 28 U.S.C. §

2255(f).  The one-year period runs from the latest of several dates, including "the date on which

the judgment of conviction becomes final," § 2255(f)(1), "the date on which the right asserted was

initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review[,]" § 2255(f)(3), and "the

date on which the facts supporting the claim or claims presented could have been discovered

through the exercise of due diligence," § 2255(f)(4). A district court may extend the one-year

limitation period "only if . . . 'rare and exceptional' circumstances warrant equitably tolling the

limitations period." Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001).

The Court agrees that the petition is untimely.  Under the Antiterrorism and Effective Death

Penalty Act of 1996, Petitioner had one year from the date his conviction became final to bring his

petition.  28 U.S.C § 2255(f)(1).  "[F]or purposes of § 2255 motions, an unappealed federal

criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v.

United States, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam).  The time to file a direct appeal in a criminal case expires after fourteen days from the entry of the judgment that defendant would be appealing.  See Fed. R. App. P. 4(b)(1)(A)(i).  Here, judgment against Petitioner was entered on April 23, 2015 and Petitioner waited more than a year, until August 31, 2016, to file this instant Petition.  Because Petitioner filed no direct appeal, his conviction became final with the expiration of the time for filing notice of such an appeal on approximately May 3, 2016.  See Rodriguez v United States, No.99-CV-6803, 1999 WL 1487600, at *2 (E.D.N.Y.  Dec. 23, 1999) (internal citations omitted). As such, the Petition is untimely under § 2255(f)(1).

While Petitioner does not address the timeliness, argument put forth by the Government,[1] even a liberal reading of the Petition offers no grounds for a later date or any account for postponing the date on which the 1-year limitations period commenced.  Petitioner did not seek an appeal nor is there any suggestion that he engaged in some form of due diligence that impeded his efforts to timely file his 2255 motion.    There appears to be no reasonable basis for the delay and certainly no rare circumstances meriting an equitable tolling.  See Rodriguez, 1999 WL 1487600 at *2.  Therefore, because Petitioner failed to investigate his claims in a reasonable and diligent manner, and because he filed his Petition after the expiration of the statutory limitations period, his Petition is untimely, and must be dismissed.

---

[1] The Court granted Petitioner a 90-day extension to reply to the government's opposition on October 5, 2018, more than three years ago, but no reply was filed by Petitioner.  (Electronic Order, October 5, 2018).

**C.  Merits**

Even assuming arguendo that the Petition was timely filed, the Court finds that Petitioner's claim of ineffective assistance fails.  To prevail on an ineffective assistance claim, a petitioner must establish: (1) that "counsel's representation fell below an objective standard of reasonableness . . . under prevailing norms;" and (2) having suffered prejudice as a result of defense counsel's deficient performance.  Strickland v. Washington, 466 U.S. 668, 692 (1984).  Under the first prong, the court must "eliminate the distorting effects of hindsight," "evaluate the conduct from counsel's perspective at the time," and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different."  Id. at 694.  "A reasonable probability is one sufficient to undermine confidence in the outcome of the trial or appeal."  Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (citing Strickland, 466 U.S. at 694).  "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the [petitioner] makes an insufficient showing on one" of the Strickland prongs.  Strickland, 466 U.S. at 697.  "The Strickland standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard."  Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001).

Petitioner's claim that, prior to his change of plea hearing, a paralegal wrongly informed him of the elements of the crime which he then relied on in pleading guilty is plainly not supported by the record.  Even liberally construed, it falls well below the standard demanded by Strickland. It is rather implausible to conceive that Petitioner's only understanding of his indictment resulted from a single conversation with a non-attorney representative.  The record simply contradicts his

claim.  Petitioner and his attorney Chavis <u>both</u> signed and completed the Plea Agreement which listed each of the elements of the crime charged in the indictment to which the Petitioner agreed to plead guilty.  (ECF.  No. 28.)   The Plea Agreement required the Government to list all the elements of the crime charged.  Here that specified:

1. [Defendant] agreed with at least one other person,

2. [Defendant] acted knowingly and intentionally,

3. Agreement was to distribute and possess with intent to distribute

4. A controlled substance, with 100 grams or more of heroin,

5. On or about between January 2012 and May 2012

6. In the Eastern District of New York.

(ECF No. 28 at 3.)  The Item 28 on the Plea Agreement asked Petitioner "[a]re you aware of the elements of the crime which you are charged and as to which you wish plead guilty?" Petitioner checked "YES." Item 29 then asked, "Have you discussed with your counsel the charge(s) and [Indictment] to which you intend to plead guilty?" Petitioner, again, checked "YES" as well as to the following question "Do you understand the charge(s) in the Superseding Indictment/Information which you are pleading guilty to?" The Plea Agreement was signed by both Petitioner and Chavis, a fact that is supported by Chavis' affirmation which further confirmed that "[o]n March 12, 2014, I met with [Petitioner] to go over the proposed plea agreement in person … We completed the Court's written allocution form together." (ECF No. 75.)

A review of the record indicates counsels' performance was far from deficient.  As one example, Petitioner's sentence was below the advisory guideline range, in part, due to the very advocacy of his attorneys.  His Petition fails to show that he was prejudiced in any way.  Perhaps tellingly, when Petitioner initially moved to disqualify Chavis, his argument primarily concerned

legal defense theories related to "warrants … and other evidence produced" <u>not</u> his understanding of the elements of Count One required for a conviction.  (ECF No. 45.)  Put simply, there are no grounds for relief under 28 U.S.C. § 2255 as the Petition is time-barred and in any event, Petitioner fails to show ineffective assistance of counsel.

## D.  <u>Motion for Counsel and Hearing</u>

Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for a § 2255 petitioner if it is "determine[ed] that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).  Here, as the Petition is time-barred and there are no material facts in dispute regarding the timeliness of his motion, the Court declines to appoint counsel or hold a hearing. Petitioner's motion for bail is also accordingly moot.

## III.  <u>CONCLUSION</u>

For the reasons set forth above, Petitioner's motion is **DENIED**.  The Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing that he was denied a constitutional right.  <u>See</u> 28 U.S.C. § 2253(c)(2).  The Court certifies that any appeal of this Order would not be taken in good faith, and thus <u>in forma pauperis</u> status is denied for the purposes of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).  It is further ordered that the Clerk of the Court mark the civil case, Case No. 16-cv-4866 and 2:13-cr-00318, closed.

SO, ORDERED.

Dated:  December 9, 2021
        Central Islip, New York

                                        ___/s/ (JMA)_____
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

9